

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| SHIRLEY HIX )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NCB MANAGEMENT SERVICES, INC. )<br>and PENNCRO ASSOCIATES, INC. )<br>)<br>Defendants. ) | CIVIL ACTION<br>FILE NO._____ |

4:12-CV-0183 HLM

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Shirley Hix ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Walker, and City of Rossville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCB Management Services, Inc ("NCB") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Penncro Associates, Inc. ("Penncro") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which

the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

14. In connection with the collection of an alleged debt in default, Defendant, Penncro Associates, Inc. ("Penncro"), sent Plaintiff initial written communication dated March 3, 2012. (See Correspondence dated March 3, 2012, attached hereto as Exhibit "A").

15. The March 3, 2012 correspondence stated the balance due as "$5,008.70." (Exhibit "A").

16. The March 3, 2012 correspondence failed to acknowledge that the amount necessary to fully pay the debt could vary as a result of continually accruing interest, fees and other charges. (See Exhibit "A").

17. The least sophisticated debtor receiving the March 3, 2012 correspondence could believe that the alleged debt could be paid in full by remitting the sum of $5,008.70.

18. Plaintiff's right to dispute the debt, or any portion of thereof, provided by section 1692g is prejudiced by Penncro's failure to inform Plaintiff that the debt consisted of interest or other charges, where such additional charges are only disclosed after the thirty-day dispute period.

19. Penncro's omission of material information would deceive or mislead the least sophisticated consumer as to the character or amount of the debt.

20. Penncro's March 3, 2012 communication failed to clearly and effectively state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

21. Penncro's March 3, 2012 correspondence further stated, relevant part:

CREDITOR:       FIA CARD SERVICES N.A.
REGARDING:      PAST DUE CREDIT CARD
ACCOUNT # ENDING IN: 6334

(See Exhibit "A").

22. In connection with the collection of an alleged debt in default, Defendant, NCB Management Services, Inc. ("NCB"), sent Plaintiff initial written communication dated April 4, 2012 regarding account ending in 6334, and in such communication, stated in relevant part as follows:

RE: BANK OF AMERICA
Acct# : XXXXXXXXXXX6334"

(See April 4, 2012 communication, attached hereto as Exhibit "B").

23. Upon receiving Penncro's March 3, 2012 correspondence and NCB's April 4, 2012 correspondence, the least sophisticated consumer would be confused as to the correct identity of the current creditor.

24. If the creditor was Bank of America, Penncro's March 3, 2012 initial written communication, identifying "FIA CARD SERVICES N.A." as the creditor of the account, failed to provide the name of the creditor to whom the alleged debt is owed as required by 15 U.S.C. § 1692g(a)(2).

25. Alternatively, if the creditor was Fia Card Services N.A., then NCB's April 4, 2012 initial written communication identifying "BANK OF AMERICA" as the creditor, failed to provide the name of the creditor to whom the alleged debt is owed as required pursuant to 15 U.S.C. § 1692g(a)(2).

26. Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
## DEFENDANT PENNCRO

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Penncro violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's debt, including by its material omission as to whether interest or other charges were subject to accrue on Plaintiff's debt.

WHEREFORE, Penncro prays for relief and judgment, as follows:

a) Adjudging that Penncro violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT PENNCRO

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Penncro violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by its material omission as to whether interest or other charges were subject to accrue on Plaintiff's debt.

WHEREFORE, Penncro prays for relief and judgment, as follows:

a) Adjudging that Penncro violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(10)
### DEFENDANT PENNCRO

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Pennro violated 15 U.S.C. § 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's debt, including by its material omission as to whether interest or other charges were subject to accrue on Plaintiff's debt and falsely representing the name of the creditor to whom the alleged debt is owed.

WHEREFORE, Penncro prays for relief and judgment, as follows:

    a) Adjudging that Penncro violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## DEFENDANT PENNCRO

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. Penncro violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its initial written communication or within five days thereof.

WHEREFORE, Penncro prays for relief and judgment, as follows:

a) Adjudging that Penncro violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)
## DEFENDANT PENNCRO

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. Penncro violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey to Plaintiff the name of the creditor to whom the alleged debt is owed.

37. WHEREFORE, Penncro prays for relief and judgment, as follows:

   a) Adjudging that Penncro violated 15 U.S.C. § 1692g(a)(2);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## ALTERNATIVE VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT NCB

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. In the alternative, NCB violated 15 U.S.C. § 1692e(10) by using false representations and/or deceptive practices in connection with collection of an alleged debt including by falsely representing the name of the creditor to whom the alleged debt is owed.

WHEREFORE, NCB prays for relief and judgment, as follows:

a) Adjudging that NCB violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## ALTERNATIVE VIOLATION OF 15 U.S.C. § 1692g(a)(2)
## DEFENDANT NCB

40. Plaintiff repeats and re-alleges each and every allegation contained above.

41. In the alternative, NCB violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey to Plaintiff the name of the creditor to whom the alleged debt is owed.

WHEREFORE, NCB prays for relief and judgment, as follows:

   a) Adjudging that NCB violated U.S.C. § 1692g(a)(2);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby demands a trial by jury.

This 2nd day of August, 2012.

                                        ATTORNEYS FOR PLAINTIFF
                                        SHIRLEY HIX

                                        Respectfully submitted,

                                        _____
                                        Dennis R. Kurz
                                        Georgia Bar No. 430489
                                        WEISBERG & MEYERS, LLC
                                        5025 N. Central Ave. #602
                                        Phoenix, AZ 85012
                                        (888) 595-9111 ext. 412
                                        (866) 842-3303 (fax)
                                        dkurz@attorneysforconsumers.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

_____
Dennis R. Kurz
Georgia Bar No. 430489
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com